KREISHER, P. J.,
— Defendant is a combined district composed of former districts, all but one of which are located in northern Schuylkill County. The remaining district is Conyngham Township located in the coal fields at the southern terminus of Columbia County.
On October 15, 1970, the above-captioned action was commenced by the filing of a complaint in equity in Columbia County seeking to enjoin defendant district from proceeding with a proposed building program.
On October 16th, said complaint was served upon the president of the district at the courthouse in *129 Pottsville by the Schuylkill County sheriff who was deputized by the Columbia County sheriff to make said service.
The case is now before this court on defendant’s preliminary objections to said service in accordance with Pennsylvania Rule of Civil Procedure 1017(b) as amended and effective September 1, 1969, which provides:
“(b) Preliminary objections are available to any party and are limited to (1) a petition raising a question of jurisdiction. . . .”
Pennsylvania Rule of Civil Procedure 76 defines a political subdivision as “any county, city, borough, incorporated town, township, school district or poor district.”
Venue for an action against a political subdivision is set forth in Pennsylvania Rule of Civil Procedure 2103(B), which provides:
“. . . an action against a political subdivision may be brought in and only in the county in which the political subdivision is located.”
In the case of Ritter v. Boyertown Area Joint School System, 30 D. & C.2d 165, the issue involved eminent domain proceedings condemning land situate in two counties, and the court concluded suit could be commenced in either county irrespective of where the system has its principal office; however, the question of service was not raised nor is it discussed in the court’s opinion. No doubt the question was not raised, because Pa. R. C. P. 1504(B)(1) deals with service in actions in equity and provides for deputized service in certain instances, one of which is, “. . . if the subject matter of the action is property within the jurisdiction of the court, . . .” and the facts of the Ritter case complied with this requirement.
*130 In the instant case, the subject matter of the action is not property, but rather an attack upon a ministerial function of a governing body. Pa. R. C. P. 1504(A) provides that service of process in equity actions shall be made as provided by the rules for assumpsit actions.
Assumpsit rule 1009(d) provides that service upon a political subdivision must be made in accordance with rule 2104. Subsection (c) of the rules provides:
“Service shall be made upon a political subdivision by handing a copy of the writ or complaint ... to an agent duly authorized by the political subdivision to receive service of process, or to the mayor, to the burgess, or to the president, chairman, secretary or clerk of the tax levying body ... to the chairman or clerk of the board of county commissioners.”
No statues have been brought to our attention authorizing extraterritorial service upon a political subdivision and the rules made no provision for such service, except in the instance above mentioned which is not applicable in the case at bar; therefore, we are bound to conclude the deputized service made in this case is unauthorized and the objection to the jurisdiction of this court must be sustained.
Our conclusion has additional logic and merit because the proposed building is to be located in Butler Township, Schuylkill County. The courthouse in Potts-ville will be more convenient for both the witnesses and counsel. The Schuylkill County court has a better understanding of the depressed hard coal fields than their country cousins on this side of the mountain, and under Pa. R. C. P. 1006(e) we do not dismiss the action, but merely transfer it to the proper county for appropriate action: Gehris v. Pocmont Hotels Corporation, 43 D. & C.2d 565.
*131 ORDER
And now, to wit, March 3, 1971, it is ordered and decreed that the preliminary objections of defendant filed to plaintiff’s complaint be and the same are hereby sustained, and it is hereby further ordered and decreed that the Prothonotary of Columbia County shall forthwith certify and transmit the record and proceedings in this action to the Court of Common Pleas of Schuylkill County, Pottsville, Pa.